Allan WARMAN, Plaintiff–Appellant,

v.

Arthur FUNK, Dennis Larsen, Suresh Vade, et al., Defendants–Appellees.

No. 03–1907.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 20, 2004.*

Decided Dec. 21, 2004.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Allan R. Warman, Des Plaines, IL, pro se.

Karen L. Kendall, Heyl, Royster, Voelker & Allen, Peoria, IL, Timothy McPike, Office of the Attorney General, Chicago, IL, for Defendants–Appellees.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

Allan Warman, an Illinois prisoner, filed suit under 42 U.S.C. § 1983, alleging that prison personnel were deliberately indifferent to his need for special medical services. Before Warman entered prison, he was injured in an automobile accident and underwent several surgeries. Despite the surgeries, Warman still suffered pain in his hip and knees. While in prison, Warman desired special testing, but the prison medical staff concluded it was unwarranted. The district court granted summary judgment for the defendants; we affirm.

In April 2001 while incarcerated at Vienna Correctional Center, Warman was evaluated by an orthopedic specialist, who recommended an MRI to assess the damage done by the accident to one of his knees. Three months later, when Warman was transferred to Pontiac Correctional Facility, he still had not undergone an MRI. From July to September 2001, Warman was seen repeatedly by medical personnel, who, though they denied his request for an MRI, prescribed pain medication for him. Warman filed a grievance in October 2001 complaining of inadequate medical treatment. The grievance officer denied the grievance in accordance with a letter from the Medical Director stating that an MRI was unwarranted and that Warman received health services and pain medication. The Warden concurred in the denial. Warman appealed the grievance to the administrative review board, which affirmed the denial. The Director of the Illinois Department of Corrections approved the administrative board's decision.

A few days after Warman filed his grievance, the Medical Director saw him, ordered x-rays, prescribed pain medication, and assigned Warman to a cell on a lower floor. In late January 2002 an orthopedic specialist at the prison health unit examined Warman and prescribed injections. In April 2002 the Medical Director referred Warman to an orthopedic specialist for further testing.

In November 2001 Warman filed suit, naming as defendants prison medical personnel, the Warden, and the Director of the Illinois Department of Corrections. Warman also filed amended complaints in April and May 2002. Warman based his complaint on his medical treatment from July 2001 to January 2002. Specifically, Warman alleged that the defendants were deliberately indifferent to his medical needs when they denied him specialist

care, adequate pain medication, and appropriate housing on a low floor. In addition, he alleged that the Medical Director's failure to train doctors under his supervision amounted to deliberate indifference. The district court granted summary judgment in favor of all the defendants, reasoning that Warman's medical records showed that medical personnel had seen and treated him on numerous occasions. The district court concluded that Warman's mere dissatisfaction with his course of treatment did not give rise to a constitutional claim.

On appeal Warman generally restates the arguments he presented in district court. We review the district court's decision to grant summary judgment de novo. *See Morfin v. City of East Chicago*, 349 F.3d 989, 996 (7th Cir.2003). To prevail on a deliberate indifference claim, a prisoner must demonstrate that he suffered from an objectively serious medical condition and that the defendants knew of and disregarded his needs. *Gil v. Reed*, 381 F.3d 649, 661 (7th Cir.2004). An inmate is not entitled to demand specific care, nor is he entitled to the best care available. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

Warman wanted an MRI. The prison medical personnel concluded that pain medication was sufficient. The record provides no evidence that the defendants were deliberately indifferent to Warman's medical condition. It demonstrates only that Warman wanted different care than the prison doctors provided. Mere disagreement, such as this, over the course of treatment does not establish an Eighth Amendment violation. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir.2001). Warman alleged that one of the prison doctors told him that the Medical Director would not perform an MRI because of the cost. The Medical Director examined Warman, ordered X-rays, and concluded that an MRI was unwarranted. Even the orthopedic specialist at Pontiac who examined Warman in January 2002 did not order an MRI, but recommended treating him with injections. Questions of whether diagnostic techniques or forms of treatment are warranted is a "classic example of a matter for medical judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir.1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

Finally, Warman alleges that he was denied pain medication from October 6 to November 21. But the record reflects that his prescriptions were refilled after only ten days on October 16, and a ten-day delay in filling a medication prescription does not in this case establish deliberate indifference. Moreover, failure to administer prescription medicine alone does not demonstrate deliberate indifference. *Zentmyer v. Kendall County*, 220 F.3d 805, 812 (7th Cir.2000).

Because we agree that the district court correctly granted summary judgment, we AFFIRM.